# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0902V
UNPUBLISHED

| | |
|---|---|
| JAMES HARKINS,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: January 28, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Terance Patrick Perry*, Datsopoulos, McDonald & Lind, P.C., Missoula, MT, for Petitioner.

*Joseph Adam Lewis*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING DAMAGES**[1]

On July 24, 2020, James Harkins filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain Barre Syndrome ("GBS") resulting from an influenza vaccine received on September 17, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 24, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On January 27, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $100,963.39 in the form of a check payable to Petitioner, as well as payment for satisfaction of a Medicaid lien as set forth below. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following:**

- **A lump sum payment of $100,963.39 (representing $100,000.00 for pain and suffering and $963.39 for out of pocket medical expenses) in the form of a check payable to Petitioner; and**

- **A lump sum payment of $19,178.63, representing compensation for satisfaction of the State of Montana Medicaid lien, in the form of a check payable jointly to Petitioner and:**

    **Montana Department of Public Health and Human Services**
    **Office of the Inspector General – Program Compliance Bureau – Third Party Liability**
    **2401 Colonial Drive**
    **P.O. Box 202953**
    **Helena, MT 59620-2953**

**Petitioner agrees to receive, endorse, and forward the check to the State of Montana for satisfaction of the Medicaid lien.**

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____

JAMES HARKINS,

        Petitioner,

        v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.
_____

No. 20-902V   ECF

Chief Special Master Corcoran

**PROFFER ON AWARD OF COMPENSATION**

On July 24, 2020, James Harkins ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa-1 to -34. Petitioner alleged that he suffered Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccine administered to him on September 17, 2019. Petition at 1. On August 23, 2021, respondent filed his Vaccine Rule 4(c) report, concluding that petitioner suffered GBS as defined by the Vaccine Injury Table, within the Table timeframe. ECF No. 27. On August 24, 2021, Chief Special Master Corcoran issued a ruling on entitlement, finding that petitioner was entitled to compensation for a GBS Table injury. ECF No. 30.

**I.   Compensation for Vaccine Injury-Related Items**

    A.   Pain and Suffering/Out of Pocket Medical Expenses

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$100,963.39**, representative of $100,000 for pain and suffering and $963.39 for out-of-pocket medical expenses, in the form of a check payable to petitioner. Petitioner agrees.

    B.   Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of Montana Medicaid lien in the amount of **$19,178.63**, which represents full satisfaction of any

right of subrogation, assignment, claim, lien, or cause of action the State of Montana may have against any individual as a result of any Medicaid payments the State of Montana has made to or on behalf of petitioner from the date of his eligibility for benefits through the date of judgment in this case as a result of his alleged vaccine-related injury suffered on or about October 1, 2019 under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.   Form of the Award

The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following: [1]

A.  A lump sum payment of **$100,963.39** in the form of a check payable to petitioner; and

B.  A lump sum payment of **$19,178.63**, representing compensation for satisfaction of the State of Montana Medicaid lien, in the form of a check payable jointly to petitioner and:

> Montana Department of Public Health and Human Services
> Office of the Inspector General - Program Compliance Bureau - Third Party Liability
> 2401 Colonial Drive
> P.O. Box 202953
> Helena, MT 59620-2953

Petitioner agrees to receive, endorse, and forward the check to the State of Montana for satisfaction of the Medicaid lien.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

2

                                        Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

*/s/ Joseph A. Lewis*
JOSEPH A. LEWIS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4840
Email: joseph.a.lewis@usdoj.gov

Date: January 27, 2022