# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0902V
(not to be published)

| | |
|---|---|
| JAMES HARKINS,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: November 7, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Terance Patrick Perry, Datsopoulos, McDonald & Lind, P.C., Missoula, MT,* for Petitioner.

*Joseph Adam Lewis,, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 24, 2020, James Harkins filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain Barré syndrome ("GBS") resulting from an influenza vaccine received on September 17, 2019. Petition at 1. On January 28, 2022, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 41.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated July 26, 2022 (ECF No. 47), requesting a total award of $22,147.84 (representing $17,787.50 in fees and $4,360.34 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. ECF No. 51. Respondent reacted to the motion on July 27, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 48. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of costs to be awarded appropriate, for the reason listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

Petitioner requests the rate of $300 per hour for all time billed for attorney Terrance Perry. ECF No. 47 at 2.  Mr. Perry has been a licensed attorney in since 1992, placing him in the range of attorneys with 20 – 30 years' experience on the OSM Attorney's Forum Hourly Rate Schedule.[3] *Id.* at 5. The requested rate is reasonable based on Mr. Perry's overall experience, and I shall therefore award it herein.

## ATTORNEY COSTS

Petitioner also requests $4,360.34 in overall costs. ECF No. 47 at 2-3. This amount is comprised of obtaining medical records, expert costs, and postage. I have reviewed all the requested costs and find most of them to be reasonable, but costs associated with Petitioner's expert require further review.

Petitioner is seeking $3,500.00 for work performed by Bill S. Rosen, M.D. *Id* at 3. Dr. Rosen had been contacted to review medical records and prepare an independent evaluation. Petitioner requests $475 per hour for reviewing medical records, and $735 per hour for time regarding the independent evaluation. Petitioner has not, however, provided substantiation for these excessive hourly rates, which greatly exceed what is routinely awarded for this nature of expert work – both in terms of mere records review as well as work actually associated with the preparation of an opinion and written report.

 I shall reduce Dr. Rosen's rate to the lower requested rate of $475 per hour for all work performed on this matter, consistent with the rate permitted for Program experts. This results in a reduction of **$975.00**.[4]

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$21,172.84** (representing $17,787.50 in fees and $3,385.34 in costs) as a lump sum in the form of a check jointly payable to Petitioner and his counsel.

---

[3] The forum rates in the Vaccine Program are derived from the OSM Attorney's Forum Hourly Rate Schedules for years 2015 - 2019 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[4] This amount consists of $735 - $475 = $260 x 3.75 hrs = $975.00.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.